## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEON V. LIPSCOMB,

      Plaintiff,

v.                                                     Case No. 24-cv-1233-NJR

ANTHONY WILLS, LIEUTENANT
BLAKE, LIEUTENANT CHIGGY, and
LIEUTENANT JOHN DOE,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Lipscomb alleges Lieutenant ("Lt.") Blake used excessive force against him and Lt. Chiggy and Lt. John Doe failed to intervene in the use of force. Lipscomb asserts claims against the defendants under the Eighth Amendment and Illinois state law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Lipscomb makes the following allegations: On March 28, 2024, at approximately 6:40 p.m., Lipscomb was at Carbondale Memorial Hospital getting ready for transport back to Menard (Doc. 1, p. 2). Lipscomb was in full body chain and shackles (*Id.*). Lt. Chiggy and another officer were waiting for Lt. Blake and Lt. John Doe to arrive to assist with the transport. Lt. Blake entered the room and informed Lipscomb that he was going to kill him. He informed Lt. Chiggy that he would need help carrying Lipscomb to the transport vehicle and then proceeded to shut his partner out of the room (*Id.*). After pushing Lt. John Doe out of the room, Lt. Blake pushed Lipscomb onto the bed. He then choked Lipscomb and proceeded to punch him over 20 times (*Id.*). Lipscomb screamed for help. He alleges that the struggle made so much noise that everyone outside of the room could hear the assault, and staff gathered around to listen to the commotion (*Id.*). After Lt. Blake finished beating Lipscomb, Lipscomb tried to stand but fell over from dizziness. Lt. Blake opened the door, and Lt. Chiggy helped carry Lipscomb to the transport vehicle. Lt. John Doe stood outside of the room the entire time and did nothing to intervene or help Lipscomb (*Id.*).

Upon his arrival at Menard, an unknown nurse checked his vitals and temperature but failed to document or report Lipscomb's injuries (*Id.*). He received an x-ray of his neck two weeks later and still suffers from pain in his stomach (*Id.*).

## Preliminary Dismissals

Although Lipscomb identifies Anthony Wills as a defendant in the case caption, he fails to include any allegations regarding Wills in his statement of claim. He merely

states that Wills is the warden and responsible for the safety of all inmates (Doc. 1, p. 1). But there are no allegations to suggest that Wills was aware of the assault or in a position to prevent it from occurring. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Further, Wills cannot be liable solely in his position as warden because the doctrine of *respondeat superior*, or supervisory, liability does not apply to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, any claim against Wills in his individual capacity for failing to protect Lipscomb is **DISMISSED without prejudice**. Wills will remain in the case, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown lieutenant. All other official capacity claims against the defendants are **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

Count 1:      **Eighth Amendment excessive force claim against Lt. Blake for assaulting Lipscomb.**

Count 2:      **Eighth Amendment failure to intervene claim against Lt. Chiggy and Lt. John Doe for failing to stop or intervene in the assault on Lipscomb.**

Count 3:      **Illinois state law assault and battery claim against Lt. Blake.**

Count 4:      **Illinois state law intentional infliction of emotional distress claim against Lt. Blake, Lt. Chiggy, and Lt. John Doe.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that**

**is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Lipscomb states a viable claim in Count 1 for excessive force against Lt. Blake. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *abrogated on other grounds by*, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). He also adequately alleges a failure to intervene claim against Lt. Chiggy and Lt. John Doe. Lipscomb alleges that they were present during the assault, heard the assault and knew that it was occurring, and yet failed to intervene to stop Lt. Blake's assault on Lipscomb. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Thus, Count 2 shall proceed against Lt. Chiggy and Lt. John Doe.

Lipscomb also states viables claims under Illinois state law. Lipscomb adequately alleges that Lt. Blake committed both a battery and an assault on Lipscomb while at the hospital. *Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 547-48 (7th Cir. 2018) (discussing assault and battery under Illinois law). Lipscomb also states a claim for intentional infliction of emotional distress against the defendants. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006). Although these claims arise under state law, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). Here, the potential state law claims for assault and battery are based on the same facts as Lipscomb's excessive force claim against Lt. Blake. Thus, supplemental jurisdiction over the state law claims is appropriate.

## Disposition

For the reasons stated above, Counts 1 and 3 shall proceed against Lt. Blake. Count 2 shall proceed against Lt. Chiggy and Lt. John Doe, and Count 4 shall proceed against Lt. Blake, Lt. Chiggy, and Lt. John Doe.

The individual capacity claims against Anthony Wills are **DISMISSED without prejudice** but Wills shall remain in the case, in his official capacity only, for purposes of responding to discovery aimed at identifying Lt. John Doe.

The Clerk of Court shall prepare for Defendants Lt. Blake, Lt. Chiggy, and Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Lipscomb. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the

full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Lipscomb, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Lipscomb, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  June 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**


### Notice to Plaintiff

        The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**